# EXHIBIT 1

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| YAOVI AKPO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2015 CA 008840 |
| | ) | |
| WILLARD INTERCONTINENTAL RESOURCES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    The Clerk Of The Superior Court Of The District Of Columbia

       Yaovi Akpo
       315 Kennedy Street, N.W., Unit #2
       Washington, D.C. 20011

       PLEASE TAKE NOTICE that on the 7th day of December 2015, Defendant Willard

Intercontinental Resources,[1] by and through counsel, filed its Notice of Removal of this action to

the United States District Court for the District of Columbia.  A true copy of the Notice of

Removal is attached hereto as Exhibit A.

       Pursuant to 28 U.S.C. § 1446(d), the Superior Court Of The District Of Columbia may

not proceed further with this matter at this time.

---

[1] Willard InterContinental Resources is improperly named in and is not a proper party to this action.  The proper entity to be named is Inter-Continental Hotels Group Resources, Inc. ("IHG") which operates the Willard Inter-Continental Hotel in Washington, D.C. and was Plaintiff's employer during the relevant time period of this Complaint.

December 7, 2015

Respectfully submitted,

INTER-CONTINENTAL HOTELS GROUP
RESOURCES, INC.

/s/ Eric J. Janson
Eric J. Janson,  # 974395
SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004
(202) 463-2400 (telephone)
(202) 641-9232 (facsimile)

2

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice Of Filing Of Notice Of Removal To

The United States District Court For The District Of Columbia was served electronically and by

first class mail, postage prepaid, this 7th day of December 2015 on:

Yaovi Akpo
315 Kennedy Street, N.W., Unit #2
Washington, D.C. 20011


/s/ Eric J. Janson

22886197v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YAOVI AKPO                                          )
315 Kennedy Street, NW, Unit #2                     )
Washington, D.C. 20011                              )
                                                    )
     Plaintiff,                                   )
                                                    )
v.                                                  )
                                                    )
WILLARD INTERCONTINENTAL RESOURCES)
1401 Pennsylvania Avenue, NW                        )
Washington, D.C.. 20004                             )
                                                    )
     Defendant.                                   )
_____)

### NOTICE OF REMOVAL

To:    United States District Court
       for the District of Columbia

       The Clerk of the Superior Court of The District Of Columbia

       Yaovi Akpo
       315 Kennedy Street, N.W, Unit #2
       Washington, D.C. 20011

       PLEASE TAKE NOTICE that on the 7th day of December 2015, Defendant Willard

InterContinental Resources,[1] by and through counsel, hereby remove this civil action from the

Superior Court of the District Of Columbia pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The

grounds for this removal are as follows:

       1.     Plaintiff has commenced a civil action now pending in the Superior Court of the

District Of Columbia against Defendant alleging employment discrimination with respect to his

---

[1] Willard InterContinental Resources is improperly named in and is not a proper party to this action.  The proper entity to be named is Inter-Continental Hotels Group Resources, Inc. ("IHG") which operates the Willard Inter-Continental Hotel in Washington, D.C. and was Plaintiff's employer during the relevant time period of this Complaint.  IHG is a Delaware corporation with its principal place of business in Atlanta, Georgia.

termination of employment.  This case has been designated case number 2015 CA 008840 by the clerk for the aforementioned court.

2.      On November 24, 2015, Plaintiff served a copy of the Complaint and attached Summons on Defendant via first-class mail to the Director of Human Resources at the Willard InterContinental Hotel in Washington, D.C.  Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings and orders served on Defendant are attached hereto as Exhibit 1.

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendant's receipt of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

4.      This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

5.      Upon information and belief, Plaintiff is a resident of the District of Columbia. *See* Compl. at 1.

6.      InterContinental Hotels Group Resources, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Georgia.

7.       Plaintiff's Complaint also establishes the requisite amount of controversy required for diversity jurisdiction.  Plaintiff asserts claims of employment discrimination under federal law relating to his termination of employment.  Plaintiff was terminated from his employment with Defendant in December 2011, and upon information and good faith, his purported damages -- inclusive of backpay, compensatory and punitive damages -- will readily exceed $75,000.00, exclusive of interest and costs, in this case.

8.      Because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has

2

original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this case is removable to this Court pursuant to 28 U.S.C. §§ 1441(b).

9.     As noted above, Plaintiff's Complaint also alleges employment discrimination and includes a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission notifying him of his right to file a lawsuit under federal law (Title VII of the Civil Rights Act of 1991) within 90 days. *See* Compl. at Exhibit 1.

10.     Because Plaintiff has alleged violations of a federal statutory law, this Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action is also independently removable pursuant to 28 U.S.C. § 1441(a).

11.     Notice of the filing of this Notice of Removal will be given to Plaintiff and will be filed with the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).

12.     Defendant files this Notice of Removal solely for the purpose of removing the instant action and do not waive, and specifically reserve, any and all defenses, affirmative or otherwise.

December 7, 2015                          Respectfully submitted,

                                          INTERCONTINENTAL HOTELS
                                          GROUP RESOURCES, INC.

                                          /s/ Eric J. Janson
                                          Eric J. Janson,  # 974395
                                          SEYFARTH SHAW LLP
                                          975 F Street, NW
                                          Washington, D.C. 20004
                                          Email:  ejanson@seyfarth.com
                                          (202) 463-2400 (telephone)
                                          (202) 641-9232 (facsimile)

                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, this 7th day of December 2015 on:

> Yaovi Akpo
> 315 Kennedy Street, N.W, Unit #2
> Washington, D.C. 20011

> /s/ Eric J. Janson
> Eric J. Janson

4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

YAOVI AKPO

315 KENNEDY ST NW #2

WASHINGTON DC 20011          *Plaintiff*

> RECEIVED
> Civil Clerk's Office
> NOV 1 6 2015
> Superior Court
> of the District of Columbia
> Washington, D.C.

15 - 008840

                    *vs.*

CIVIL ACTION No. _____

WILLARD INTERCONTINENTAL RESOURCES

C/O DIRECTOR OF HUMAN RESOURCES

1401 PENNSYLVANIA AVENUE, NW

WASHINGTON DC 20004          *Defendants*

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

I feel that I was discriminated against by the Willard Hotel management; and I was terminated from my job because of such discrimination.

Also, I was falsely accused of incidents that were fabricated by the Willard management in order to terminate me; and those false incidents were used as reasons for terminating me during the EEOC investigation. I am therefore filing this case with the Superior Court to seek justice.

Wherefore, Plaintiff demands judgement against Defendant in the sum of $ _____ with interest and costs.

Phone: 202-422-7316

DISTRICT OF COLUMBIA, SS

YAOVI AKPO _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

DC DL Exp 12/22

_____ (Plaintiff)          _____ (Agent)

Subscribed and sworn to before me this 16th day of November 20 15.

_____ (Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Yaovi Akpo
    4425 14th Street, N.W., Apt. 42
    Washington, DC 20011

From:  Washington Field Office
    131 M Street, N.E.
    Suite 4NW02F
    Washington, DC 20507

☐    On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2012-00499 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged
     discrimination to file your charge

☐    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the
     information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with
     the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age
Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.
You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your
lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be
lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the
alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)**
before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Mindy G. Weinstein*

Mindy E. Weinstein,
**Acting Director**

August 17, 2015

(Date Mailed)

cc:

Director Of Human Resources
PNC BANK
800 17th Street, N.W.
Washington, DC 20006



**U.S. Equal Employment Opportunity Commission**
**Washington Field Office**

131 M Street, N.E.
Suite 4NW02F
Washington, DC 20507
(202) 419-0713
TTY (202) 419-0702
FAX (202) 653-6053

August 26, 2015

Willard Intercontinental Hotel
c/o Director of Human Resources
1401 Pennsylvania Avenue, NW.
Washington, DC 20004

Re: Yaovi Akpo vs. WILLARD INTERCONTINENTAL HOTEL
    EEOC No: 570-2012-00499

To Whom It May Concern:

Attached is a copy of the Right to Sue Letter issued to Mr. Yaovi Akpo on August 17, 2015. A
copy was mistakehly sent to PNC Bank.

Sincerely,

David Gonzalez
State and Local Coordinator

Cc:

Yaovi Akpo

The image is the court seal at top left.



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

**RECEIVED NOV 2 4**

YAOVI AKPO
_____
Plaintiff

vs.

**15 - 008840**

WILLARD INTERCONTINENTAL RENDamous
_____
Defendant

Yaovi Akpo

11-16-15

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

YAOVI AKPO
_____
Name of Plaintiff's Attorney

316 Kennedy st NW #2
_____
Address

WASHINGTON, DC

20011
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  11 16 15

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**RECEIVED NOV 2 4** —

YAOVI AKPO
   Vs.                                         C.A. No.      2015 CA 008840 B
WILLARD INTERCONTINENTAL RESOURCES
**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STUART G NASH
Date:  November 16, 2015
Initial Conference: 9:30 am, Friday, February 19, 2016
Location:  Courtroom 200
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

RECEIVED NOV 2 4

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc